USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
CLINIO J. DURAN,                                             :     MEMORANDUM
                                                             :     **OPINION AND ORDER**
              **Plaintiff,**
                                                             :
      - against -                                     :     06 Civ. 14411 (SAS)

                                                             :     95164
CUSHMAN & WAKEFIELD INC.,                                    :
                                                             :
              **Defendant.**
------------------------------------------------------------X
**SHIRA A. SCHEINDLIN, U.S.D.J.:**

  Plaintiff Clinio Duran, proceeding pro se, brought this action for "FAILURE TO PAY FOR WAGES" in the Civil Court of the City of New York, New York County, on September 20, 2006. Thereafter, defendant Cushman & Wakefield, Inc. ("C&W") filed a Notice of Removal, alleging that Duran claimed a breach of the collective bargaining agreement between Local 32BJ Service Employees International Union, AFL-CIO (the "Union") and the Realty Advisory Board on Labor Relations, Inc. ("RAB"), to which C&W is bound with respect to Duran's employment.[1]

---

[1] Breach of a collective bargaining agreement is actionable only under section 301 of the Labor Management Relations Act of 1947 ("LMRA"). *See* 29 U.S.C. §185(a) (permitting suit in federal court to enforce collective-bargaining agreements).

On June 11, 2007, defendant filed and served a motion for summary judgment seeking dismissal of the Complaint in its entirety, arguing that the dispute between the parties is subject to mandatory arbitration. As part of its motion, defendant served plaintiff with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment." That Notice states, *inter alia*, that if plaintiff "do[es] not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by the defendant, the [C]ourt may accept defendant's factual assertions as true." On July 2, 2007, this Court sent plaintiff an Order directing him to file opposition papers to defendant's motion by July 27, 2007. That Order also enclosed a Notice for Pro Se Litigants Regarding Opposition to a Summary Judgment Motion, which states: "Pursuant to Rule 56, any fact asserted in the motion for summary judgment that is supported by evidence that would be admissible at trial will be taken as true, unless the opponent contradicts that fact with evidence that is also admissible at trial." Despite defendant's Notice and this Court's Order, plaintiff failed to submit any opposition to defendant's motion. Based solely on the papers submitted by defendant, the motion for summary judgment is granted and this case is dismissed with prejudice.

## I.     FACTS[2]

Duran worked as a porter at 388 Greenwich Street, New York, New York, a commercial building managed by C&W. Duran was initially hired to work for C&W as a vacation replacement porter in 1994. C&W employed Duran as a vacation replacement porter again in 1999. After his return in 1999, C&W kept Duran on as a permanent forty-hour workweek porter.[3] Duran's job assignment was to clean the area outside the building that included the park, sidewalk, plaza area, the entire lobby and the banks of elevators.

During his employment at C&W, Duran received several disciplinary warnings and reprimands. In March 2005, Duran received a one-day suspension for failure to clear snow from the building's basement. The Union intervened on

---

[2]     Unless otherwise noted, the facts are taken from Defendant's Local Civil Rule 56.1 Statement, to which plaintiff did not respond or otherwise oppose. Plaintiff's failure to respond to or contest the facts set forth by defendant in its Rule 56.1 statement constitutes an admission of those facts, which are therefore accepted as undisputed. *See* Local Civil Rule 56.1(c); *Gubitosi v. Kapica*, 154 F.3d 30, 31 n. 1 (2d Cir. 1998) (per curiam). *See also Beard v. Banks*, 126 S. Ct. 2572, 2577 (2006) (stating that where prisoner filed no opposition to summary judgment motion filed by the Secretary of Department of Corrections and did not specifically challenge facts identified in the Secretary's statement of undisputed facts, prisoner was deemed to have admitted the validity of facts contained in Secretary's statement).

[3]     Duran's employment was governed by a collective bargaining agreement, 2005 Commercial Building Agreement (the "2005 CBA") between the Union and the RAB.

3

Duran's behalf and the parties entered into a settlement agreement which reduced the one-day suspension to half a day. Duran received a subsequent suspension on August 11, 2005. He was suspended for seven days because of poor work performance. That suspension was reduced to five days through the Union's intervention. Later that month, on August 31, 2005, Duran was reprimanded for being outside of his work area and conversing with another employee.[4] On September 15, 2005, Duran was discharged. Duran's termination was based on his disciplinary history of poor work performance and because C&W found discrepancies in Duran's time records.

The Union filed a grievance on Duran's behalf requesting his reinstatement with full back pay and benefits. On October 7, 2005, the Union submitted the grievance to the Office of Contract Arbitrator so that the matter could be settled through arbitration. Around this time, Duran filed an unfair labor practice charge against C&W. Duran alleged that C&W harassed and suspended him in retaliation for filing a charge with the National Labor Relations Board ("NLRB"), for filing a grievance with the Union, and for other protected activities. In a decision dated November 30, 2005, the NLRB Regional Director, Region 2,

---

[4] *See* 6/13/06 Opinion and Award of Marilyn M. Levine ("Arbitration Award"), Ex. B to the Affirmation of Howard I. Rothschild, defendant's attorney, at 8.

dismissed Duran's unfair labor practice charge and deferred the matter to the arbitration proceedings taking place with regard to the dispute between C&W and the Union regarding Duran's grievance.

Arbitration hearings were scheduled for four days: March 30, 2006, May 22, 2006, May 24, 2006 and June 6, 2006. The Arbitrator, Marilyn M. Levine, was asked to decide the following issues: (1) Under the 2005 CBA between the parties, was Duran discharged for cause; (2) Under the National Labor Relations Act ("NLRA"), was Duran's discharge in violation of section 8(a)(1) and/or section 8(a)(3); (3) Under the NLRA, was Duran's August 2005 suspension in violation of section 8(a) (1) and/or section 8(a)(3); and (4) Under the NLRA, was the written warning Duran received on August 31, 2005 in violation of section 8(a)(1) and/or section 8(a)(3). Levine was also asked to determine the appropriate remedy for the above violations.

The Union represented Duran during the arbitration proceedings. The Union argued that there was no just cause for Duran's prior reprimands and his eventual discharge. At the arbitration, the Union called one of the building's former security guards as a witness to testify on Duran's behalf. Ultimately, Arbitrator Levine found Duran culpable but, in light of his good punctuality and

length of service, she converted the discharge to a suspension without back pay.[5]

On July 10, 2006, C&W wrote to Duran, offering to reinstate him in accordance with the Arbitration Award. Duran never returned to work. C&W then sent Duran another letter, dated July 28, 2006, notifying him of his discharge. Duran received these letters but did not return to work because he did not agree with Levine's decision.

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[6] An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[7] A fact is material when it "'might affect the outcome of the

---

[5] *See* Arbitration Award at 11 ("Based upon the evidence presented, I find that although there is some culpability on the part of the grievant, mitigating circumstances, i.e., grievant's length of service in the building, warrant a conversion of the discharge to a disciplinary suspension without back pay.").

[6] Fed. R. Civ. P. 56(c).

[7] *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (quoting *Stuart v. American Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998)).

suit under the governing law.'"[8] "It is the movant's burden to show that no genuine factual dispute exists."[9]

To defeat a motion for summary judgment, the non-moving party must raise a genuine issue of material fact. To do so, it must do more than show that there is "'some metaphysical doubt as to the material facts,'"[10] and it "'may not rely on conclusory allegations or unsubstantiated speculation.'"[11] However, "'all that is required [from a nonmoving party] is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'"[12]

In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the non-moving

---

[8] *Bouboulis v. Transport Workers Union of Am.*, 442 F.3d 55, 59 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)).

[9] *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

[10] *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

[11] *Jeffreys v. City of N.Y.*, 426 F.3d 549, 554 (2d Cir. 2005) (quoting *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2002)).

[12] *McClellan*, 439 F.3d at 144 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)).

party and draw all justifiable inferences in that party's favor.[13] However, "[i]t is a settled rule that '[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment.'"[14] Summary judgment is therefore inappropriate "if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party."[15]

When the non-moving party "'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'"[16] If the movant does not meet its burden of production, then the court must deny summary judgment even if the non-movant does not oppose the

---

[13] See *Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, 473 F.3d 450, 456 (2d Cir. 2007) (citing *Stern v. Trustees of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997)).

[14] *McClellan*, 439 F.3d at 144 (quoting *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997)). *Accord Anderson*, 477 U.S. at 249.

[15] *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (citing *Pinto v. Allstate Inc. Co.*, 221 F.3d 394, 398 (2d Cir. 2000)).

[16] *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)).

party and draw all justifiable inferences in that party's favor.[13] However, "[i]t is a settled rule that '[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment.'"[14] Summary judgment is therefore inappropriate "if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party."[15]

When the non-moving party "'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'"[16] If the movant does not meet its burden of production, then the court must deny summary judgment even if the non-movant does not oppose the

---

[13] See *Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, 473 F.3d 450, 456 (2d Cir. 2007) (citing *Stern v. Trustees of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997)).

[14] *McClellan*, 439 F.3d at 144 (quoting *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997)). *Accord Anderson*, 477 U.S. at 249.

[15] *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (citing *Pinto v. Allstate Inc. Co.*, 221 F.3d 394, 398 (2d Cir. 2000)).

[16] *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)).

motion.[17]   Moreover, the court may not rely solely on the movant's statement of undisputed facts contained in its Rule 56.1 statement.[18]   The court must be satisfied that the movant's assertions are supported by the evidence in the record.[19]

In sum, "[w]here, as here a nonmoving *pro se* party has failed to submit papers in opposition to a motion for summary judgment, summary judgment may be granted as long as the Court is satisfied that the undisputed facts 'show that the moving party is entitled to a judgment as a matter of law,' and plaintiff has received notice that failure to submit evidence in opposition may result in dismissal of his case."[20]

## III.   DISCUSSION

### A.   Duran Cannot Establish that the Union Breached Its Duty of Fair Representation

Duran may only maintain an action against his employer for breach of a collective bargaining agreement if he can demonstrate that the Union breached

---

[17]   *See id.* (citing *Amaker*, 274 F.3d at 681).

[18]   *See id.*

[19]   *See id.* (citing *Giannullo v. City of NY*, 322 F.3d 139, 140 (2d Cir. 2003)).

[20]   *Blackett v. Pathmark Stores, Inc.*, No. 01 Civ. 6913, 2002 WL 31385817, at *2 (S.D.N.Y. Oct. 21, 2002) (quoting *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996)).

its duty of fair representation to him.[21] Duran has made no such showing and, as a result, he lacks standing to challenge the Arbitration Award in issue.

A demonstration that a union breached its duty of fair representation involves a two-part showing. *First*, "'[a] breach of the statutory duty of fair representation occurs . . . when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.'"[22] "A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness' as to be irrational."[23] "A showing of bad faith requires a showing of fraudulent, deceitful or dishonest action."[24] The Union's "failure to take an action that is unlikely to be advantageous does not subject it to liability for breach of its duty of fair representation."[25]

---

[21] *See Del Costello v. International Bhd. of Teamsters*, 462 U.S. 151, 164 (1983).

[22] *Kavowras v. New York Times Co.*, 328 F.3d 50, 54 (2d Cir. 2003) (quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)).

[23] *White v. White Rose Food*, 237 F.3d 174, 179 (2d Cir. 2001).

[24] *Id.* (citing *Sim v. New York Mailers' Union No. 6*, 166 F.3d 465, 472 (2d Cir. 1999)).

[25] *Barr v. United Parcel Serv.*, 868 F.2d 36, 44 (2d Cir. 1989).

*Second*, in addition to proving that the Union acted in a manner that was arbitrary, discriminatory or in bad faith, Duran must also prove that the Union's actions "seriously undermine[] the integrity of the arbitral process . . . ."[26] Duran does not even allege, much less show, that the Union acted in a manner that was arbitrary, discriminatory or in bad faith, or that its actions undermined the arbitral process. Duran can point to no misconduct by the Union. The Arbitration Award makes clear that the Union presented a case so compelling that it won reinstatement for Duran. Duran, therefore, cannot demonstrate a substantive claim against the Union for breach of its duty of fair representation.

### B.     The Arbitration Award Should Not Be Vacated

It is also clear that the arbitration decision at issue should not be vacated. Section 10 of the Federal Arbitration Act[27] allows for an arbitration award to be vacated only in the following limited circumstances, none of which apply here:

> (1) where the award was procured by corruption, fraud, or undue means;

---

[26]   *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 557 (1976). *Accord Barr*, 868 F.2d at 43.

[27]   9 U.S.C. § 1, *et seq.*

11

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.[28]

It is generally accepted that an arbitration decision should not be overturned by a reviewing court even if the court disagrees with the merits of the decision.[29] Even if Duran could convince this Court that his case was wrongly decided, the "motion to vacate filed in a federal court is not an occasion for *de novo* review of an arbitral award."[30] Here, it appears that Duran is dissatisfied with the Arbitration Award. This is an insufficient ground on which to vacate the Arbitration Award which, therefore, must be upheld.

---

[28] 9 U.S.C. § 10(a).

[29] *Banco de Seguros del Estado v. Mutual Marine Office, Inc.*, 344 F.3d 255, 260 (2d Cir. 2003) (arbitration award "should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached").

[30] *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004).

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted and this case is dismissed with prejudice. The Clerk of the Court is directed to close this motion [Document # 9] and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          September 10, 2007

- **Appearances** -

**Plaintiff (Pro Se):**

Clinio J. Duran
638 West 160th Street
Apt. 1B
New York, NY 10032

**For Defendant:**

Howard I. Rothschild, Esq.
292 Madison Avenue
New York, NY 10017
(212) 889-4100